**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SHERMAN OBY**                                                                                    **PETITIONER**

**V.**                                                                      **NO. 3:26-CV-75-DMB-JMV**

**S. HUFFMAN**                                                                              **RESPONDENT**

<u>**ORDER TRANSFERRING CASE TO FIFTH CIRCUIT**</u>

On May 14, 2026, Sherman Oby filed a pro se petition in the United States District Court for the Northern District of Mississippi seeking a writ of habeas corpus under 28 U.S.C. § 2254.[1] Doc. #10. In the petition, Oby challenges his conviction and sentence in the Circuit Court of Panola County, Mississippi, for possession of cocaine as a habitual offender. *Id.* at PageID 11; Doc. #1 at PageID 1–2. On May 18, Oby filed a motion to proceed in forma pauperis. Doc. #11.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. § 1631, transfer such to the Fifth Circuit "upon a finding that the petition is successive."

---

[1] Oby commenced this case in the United States District Court for the Southern District of Mississippi on March 4, 2026, by filing a petition there. Doc. #1. However, an order transferring the case to the Northern District of Mississippi was entered April 6. Doc. #3. After transfer, this Court ordered Oby to submit his petition on the Court's standard form for such petitions, Doc. #6, which Oby did, Doc. #10.

*United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); *see In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) ("The district court has transferred the habeas petition to this court for a determination whether the successive petition should be allowed," citing 28 U.S.C. §§ 2244(a) and (b)(3)(C)).

Oby previously filed a § 2254 petition challenging the same conviction and sentence, which petition was dismissed with prejudice as untimely filed. *Oby v. Epps*, No. 2:03-cv-402, 2005 WL 1172413, at *2 (N.D. Miss. May 18, 2005). Because Oby did not obtain authorization to file a successive petition, in the interest of justice and judicial economy, his present petition and the entire record in this case is **TRANSFERRED** to the Fifth Circuit Court of Appeals to determine whether his successive petition is allowed. Oby's motion to proceed in forma pauperis [11] is **GRANTED**. This case is **CLOSED**.

**SO ORDERED**, this 9th day of July, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

2